UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:01-cr-00115-MOC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | **ORDER** |
| | ) | |
| **MARIO NEIL MURPHY,** | ) | |
| Defendant(s). | ) | |

**THIS MATTER** is before the court on defendant's letter to the court dated January 4, 2013, in which he questions why he has not yet gone to court on his most recent violation of Supervised Release, a warrant for which issued May 14, 2012. He also contends in that letter that he does not understand why the criminal conduct in the State of Indiana would constitute a violation of his Supervised Release in this matter, as he believes that his Supervised Release had ended at the time of such conduct. Defendant appears to be in the custody of the State of Indiana.

First, the warrant that has been issued by this court for violation of supervised release serves as a detainer. When the State of Indiana is through with defendant, he will be returned to this district to answer the Supervised Release violation. Second, defendant's contention that he was not on Supervised Release at the time of the criminal conduct in Indiana is not accurate based on the verified petition presented to this court. In the petition, the USPO averred that the offense conduct occurred or was concluded on May 2, 2012. Such petition also indicates that "defendant was released to his third term of supervised release 5/26/2011" and that this court

1

sentenced petitioner to "12 months supervised release," which would put the offense conduct well within the period of supervision.

To the extent that defendant is contending that the adjudication of such violation is occurring after the expiration of his period of Supervised Release, such is specifically allowed by statute:

> (i) Delayed Revocation.— The power of the court to revoke a term of supervised release for violation of a condition of supervised release, and to order the defendant to serve a term of imprisonment and, subject to the limitations in subsection (h), a further term of supervised release, extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation.

18 U.S.C. § 3583(i).

Finally, defendant has no legal right to receive an immediate hearing on the supervised release violation. The Interstate Agreement on Detainers Act, which requires immediate transfer of a prisoner to another jurisdiction when there are detainers lodged on untried criminal charges, is inapplicable to supervised release revocation detainers. *Interstate Agreement on Detainers Act*, 18 U.S.C.A.App. § 2, Art. III(a); Carchman v. Nash, 473 U.S. 716, 726 (1985). This does not work a hardship on defendant as a sentence for a supervised release violation entered at the end of state confinement may include a provision for time served, if such is warranted. McDonald v. New Mexico Parole Bd., 955 F.2d 631, 634 (10th Cir.1991).

Of course, defendant will be free to challenge the allegations contained in the petition upon his return to this district.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's letter, to the extent it seeks any relief, is **DENIED**.

Signed: January 25, 2013

Max O. Cogburn Jr.
United States District Judge